UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GRANT SOILEAU**<br>**Plaintiff** | : | **CIVIL ACTION NO:** |
| V. | : | **JUDGE JAMES D. CAIN** |
| **UNITED PROPERTY & CASUALTY**<br>**INSURANCE COMPANY**<br>**Defendant** | : | **MAG. JUDGE KATHLEEN KAY** |
| **FILED:** _____ | : | _____<br>**DEPUTY CLERK** |

## COMPLAINT FOR DAMAGES AND BREACH OF INSURANCE CONTRACT

**NOW INTO COURT**, comes Petitioner, **GRANT SOILEAU**, a person of the age of majority whose residence and domicile are in the Parish of Beauregard, State of Louisiana, with respect represents:

1.

Made Defendant herein is, **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** a foreign insurance company, domiciled in Florida, whose mailing address is 800 2nd Avenue South, St. Petersburg, Florida 33701, authorized to do and doing business in the State of Louisiana, which may be served through its registered agent for service of process, the Secretary of State of Louisiana, 8585 Archives Avenue, Baton Rouge, Louisiana.

2.

Subject matter jurisdiction of this action is based upon 28 U.S.C. § 1332 and complete

diversity, as the Petitioner's claim is in excess of $75,000.00, Petitioner is domiciled in the State of Louisiana, and Defendant insurer is domiciled in the State of Florida; further, venue for this action is proper within the Western District of Louisiana, Lake Charles Division, as a substantial part of the events or omissions giving rise to the claim occurred within the Federal District Court for Western District of Louisiana, and the Petitioner's immovable and movable property, the subject of the claim, was/is located within the Western District of Louisiana in accord with 28 U.S.C. § 1391(b)(2).

3.

Defendant, **UNITED PROPERTY & CASUALTY INSURANCE COMPANY**, intentionally, purposefully, and voluntarily contracted in Louisiana to provide structure and contents insurance coverage to Petition for damage occurring from a hurricane event such as Hurricane Laura. **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** does a substantial amount of business in Louisiana, purposefully conducts business within the State of Louisiana, derives substantial revenues from its purposeful business activities in the State of Louisiana and has sufficient contacts such that *in personam* jurisdiction may be exercised over **UNITED PROPERTY & CASUALTY INSURANCE COMPANY** by this Court.

4.

On August 27, 2020, Hurricane Laura slammed into the Southwest Louisiana coast, devastating the area. The National Weather Service described the hurricane as "the strongest hurricane to affect to Southwest Louisiana, wind damage to buildings and trees was major to catastrophic across Cameron and Calcasieu parishes."[1] The weather tower at the Lake Charles Regional Airport showed

---

[1] Donovan Landreneau, *Hurricane Laura*, National Weather Service, NOAA, https://www.weather.gov/lch/2020Laura#:~:text=Laura%20reached%20a%20peak%20intensity,mercury)%20by%20 8%20PM%20CDT.&text=Laura%20finally%20weakened%20below%20hurricane,track%20data%20of%20Hurrican e%20Laura.

Case 2:21-cv-02710-JDC-KK   Document 1   Filed 08/23/21   Page 3 of 6 PageID #: 3

a maximum sustained wind of 98 mph and a maximum wind gust of 133 mph.[2] Hurricane Laura caused approximately $12 billion in property damage to Southwest Louisiana and Southeast Texas.[3]

5.

On October 9, 2020, while Southwest Louisiana was still recovering from Hurricane Laura, Hurricane Delta made landfall only twelve (12) miles to the east of where Hurricane Laura made landfall.[4] Delta made landfall as Category 2 storm, dumping approximately fifteen inches of rain in certain areas of Calcasieu Parish.[5]

6.

At all pertinent times, Petitioner was and is the owner of the residential premises located at 250 James Thornton Road, Ragley, Beauregard Parish, Louisiana.

7.

Petitioner's home on 250 James Thornton Road in Ragley, Louisiana, within the Western District of Louisiana, suffered severe damage as a result of Hurricanes Laura and Delta. As a result of these hurricanes, there was substantial roof damage and as a result, the roof no longer served as an adequate barrier to prevent rain and other outdoor elements from entering the home. The home suffered damage to the skirting, flooring, windows, metal awning and shingle roof, which let water into the interior, causing damage to the walls, ceilings, and the home's contents.

8.

At the time of the hurricanes, Petitioner had in effect a homeowner's insurance policy with

---

[2] *Id.* at https://www.weather.gov/media/lch/events/2020Laura/Wind%20and%20Pressure%20Table%20(Ranked%20by%20Maximum%20Wind%20Gust).pdf
[3] Victoria Dodge, *Hurricane Laura: Louisiana's insured property damage ranges from $8 billion to $12 billion*, Lafayette Daily Advertiser, Aug. 31, 2020
https://www.theadvertiser.com/story/news/local/louisiana/2020/08/31/hurricane-laura-damage-estimates-up-12-billion-insured-losses/5657746002/
[4] Donovan Landreneau, *Hurricane Delta*, National Weather Service, NOAA, https://www.weather.gov/lch/2020Delta
[5] *Id.* at https://www.weather.gov/lch/2020Delta-Rainfall

**UNITED PROPERTY & CASUALTY INSURANCE COMPANY**, covering damage from windstorms to the structure and other structures and contents located at 250 James Thornton Road, Ragley, Beauregard Parish, Louisiana. Under the terms of the homeowner's insurance policy Defendant, **UNITED PROPERTY & CASUALTY INSURANCE COMPANY**, is bound to pay for any damages arising out of the windstorms/hurricanes that affect the property listed under the terms of the policy.

9.

Defendant, **UNITED PROPERTY & CASUALTY INSURANCE COMPANY**, have breached the insurance policy/contract as follows:

a. Failure to pay the full amount of Petitioner's damages as required under the terms of the policy;

b. Failure to adequately adjust Petitioner's property damages;

c. Failure to comply with Louisiana Statutory laws regarding an insurer's duty to his insured in a case of property loss;

d. Failure to pay a valid claim as required by Louisiana statutory law;

e. All other acts by **UNITED PROPERTY & CASUALTY INSURANCE COMPANY**, which are prohibited by Louisiana statutory law.

10.

Defendant, **UNITED PROPERTY & CASUALTY INSURANCE COMPANY**, breached their duty to Petitioner under La. R.S. 22:1892 and La. R.S. 22:1973 to adjust their claim fairly and promptly and to make a reasonable effort to settle Petitioner's claim. Specifically, Defendant, **UNITED PROPERTY & CASUALTY INSURANCE COMPANY**, knowingly failed to pay the amount of the claim due to Petitioner under the insurance contract as required by Louisiana law after receipt of satisfactory proof of loss from Petitioner, and Defendant's failure to

do so was arbitrary, capricious, and without probable cause.

11.

As a result of Defendant, **UNITED PROPERTY & CASUALTY INSURANCE COMPANY**, breaching its duties under Louisiana law, Petitioner has sustained and/or will sustain additional losses, including but not limited to property damage, loss of use, additional traumatic depreciation, mental anguish, emotional distress, attorney's fees, and court costs.

12.

In addition to general and special damages which Petitioner is entitled to recover as a result of Defendant's, **UNITED PROPERTY & CASUALTY INSURANCE COMPANY**, breach of its duties under Louisiana law, Petitioner is entitled to penalties which are allowed pursuant to statute.

13.

The rights of Petitioner arise out of the activities of **UNITED PROPERTY & CASUALTY INSURANCE COMPANY**, which occurred within the State of Louisiana, Parish of Beauregard, and this court therefore has personal jurisdiction over the Defendant, subject matter jurisdiction as to the claims asserted herein, and further is a proper venue for these claims.

**WHEREFORE**, Petitioner, **GRANT SOILEAU**, prays that after due proceedings had, there be judgment herein in their favor and against Defendant, **UNITED PROPERTY & CASUALTY INSURANCE COMPANY**, in just and reasonable sums as prayed for herein, including penalties and attorney fees, together with court costs, legal interest from date of judicial demand until paid, and for all other relief, both general and special, in law and in equity, to which they may show themselves justly entitled.

*Signature on next page*

By His Attorney,

**LARRY A. ROACH, INC.**

*/s/ Brooke A. Roach*

Brooke A. Roach (#38880)
Barry A. Roach (#21838)
2917 Ryan Street
Lake Charles, LA 70601
Phone:      (337) 433-8504
Fax:         (337) 433-3196
broach2@larryaroachinc.com